UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY AARON MCFADDEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01421-JLT-CDB<br><br>ORDER RE: DISCOVERY DISPUTE<br><br>(Doc. 28) |

Plaintiff Jeffery Aaron McFadden ("Plaintiff") initiated this action with the filing of a complaint on September 29, 2023, against Defendants City of Bakersfield, T. Schleicher, Sims, Blankenship, Andrew Celedon, Doyle, Kniffen, and Skidmore ("Defendants"). (Doc. 1). Plaintiff raises the following claims against Defendants: unreasonable seizure, excessive force, failure to intercede and *Monell* violations pursuant to 42 U.S.C. § 1983. *Id*.

Currently before the Court is a discovery dispute concerning scheduling of depositions that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure. (Doc. 28); *see* Exhibit 1, attached hereto.

**Background**

The Court entered the operative scheduling order in this action on December 19, 2023. (Doc. 19). Among other things, the Court set a mid-discovery status conference and directed the parties to

1

1 complete non-expert discovery by July 20, 2024.  *Id.*  One week in advance of the mid-discovery
2 status conference, the parties filed a joint report in which they summarized the status of discovery,
3 which they characterized as "progressing slowly," and represented they were "making every effort to
4 complete discovery" before the deadline.  (Doc. 21).

5 Approximately seven weeks later, Plaintiff filed an ex parte application seeking an extension of
6 more than five months within which to complete nonexpert and expert discovery.  (Doc. 23).   In short,
7 counsel for Plaintiff represented that they had been out of the office for approximately four months
8 due to family emergencies and required additional time to conduct discovery.  *Id.*  Defendants filed an
9 opposition to the application.  (Doc. 26).  In their opposition, counsel for Defendants represented that,
10 in response to Plaintiffs' informal request for a stipulated extension of discovery deadlines, they had
11 been amendable to a 30-45 extension within which to complete discovery already to the extent that
12 discovery already had commenced.  *Id.*

13 On July 19, 2024, the Court convened for hearing on Plaintiff's ex parte application and
14 concluded that Plaintiff had shown good cause to warrant only a two-month extension of all case
15 management dates.  (Doc. 27).  Among other things, the Court pointed-out counsel for Plaintiff's lack
16 of diligence in communicating to Defendants that they were largely unavailable during their four-
17 month absence from the office, failed to advise the Court in their joint mid-discovery status report
18 about their diminished availability to prosecute the case, and failed to serve written discovery until
19 more than six months after the scheduling order was entered.  Nevertheless, based on counsel for
20 Plaintiff's representations at the hearing about the challenges confronting them in prosecuting the
21 action, including their difficulties in coordinating with their client, the Court found sufficient good
22 cause to warrant a two-month extension of all case management dates.

23 Following the Court's ruling, the parties attempted to schedule depositions but disputed the
24 appropriate format.  *See* Exhibit 1.  According to Plaintiff, although he noticed a compressed schedule
25 for taking defense depositions (two depositions per day) prior to the Court's grant of discovery
26 extensions, Plaintiff never formally limited the time for depositions.  Thus, after the Court's grant of a
27 two-month extension of nonexpert discovery, Plaintiff communicated to Defendants and now seeks
28 the Court's approval to take depositions as ordinarily provided for under Fed. R. Civ. P. 30(d)(1) (*e.g.*,

one deposition per day of up to seven hours). *Id.* Defendants oppose and ask the Court to impose the compressed schedule for taking depositions Plaintiff originally noticed, given counsel for Defendants' reported impacted schedule over the next two months and Plaintiff's lack of diligence and lack of showing that depositions cannot be completed within the time to which Plaintiff originally agreed (*e.g.*, two depositions per day).

Counsel for Plaintiff communicated to the Court, "I believe the court can advise the parties on this issue without the need for a hearing." *Id.* Accordingly, the Court deems the matter submitted without need for hearing and oral argument. *See* Local Rule 230(g).

**Governing Legal Standard**

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). "The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Advisory Comm. Notes to 2000 Amendment. "The Notes of the Advisory Committee on the 2000 amendments to Fed. R. Civ. P. 30 provide: 'The court may enter a case-specific order directing shorter depositions ... with regard to a specific witness.'" *Angelo v. Thomson Int'l Inc.*, No 1:21-cv-01609-JLT-CDB, 2023 WL 7388547, at *3 (E.D. Cal. Nov. 8, 2023).

**Discussion**

Defendants have demonstrated good cause to justify an order shortening the time for taking depositions. In particular, before the Court granted in part Plaintiff's request for an extension of the time for conducting discovery, counsel for Plaintiff manifest a belief that the depositions could be completed on a compressed timeline – by noticing eight depositions to occur over four days. *See* Exhibit 1. Thus, counsel's assertion now that "Plaintiff will not be able to take 8 depositions in two days" (*id.*) lacks credibility. Further, the impacted schedule confronting counsel for Plaintiff for taking depositions largely is a circumstance of counsel's own making through delayed engagement in

discovery and neglect in seeking relief from the Court or from counsel for Defendants earlier given the family emergencies that diminished counsel's availability to prosecute this case.

**Conclusion and Order**

Accordingly, pursuant to Fed. R. Civ. P. 30(d)(1), the Court HEREBY ORDERS that depositions noticed by Plaintiff shall occur over no more than four days with each deposition to last no more than four (4) hours absent agreement by the parties to an altered schedule.

And it is FURTHER ORDERED that the informal discovery dispute conference scheduled for August 1, 2024 (Doc. 28) is VACATED.

IT IS SO ORDERED.

Dated:   **July 29, 2024**                                  _____
                                                                             UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 1**

**From:** Otilia Rosales on behalf of Susan Hall
**Sent:** Monday, July 22, 2024 1:19 PM

From: Geralyn Skapik <gskapik@skapiklaw.com>
Sent: Monday, July 22, 2024 1:08 PM
To: Mick Marderosian <mgm@mcc-legal.com>
Cc: Susan Hall <SHall@caed.uscourts.gov>; Heather Cohen <hcohen@mcc-legal.com>; Kate Freitas <kate@mcc-legal.com>; Mark J. Skapik <mskapik@skapiklaw.com>; Eric Morris, Esq. <eric.c.morris@gmail.com>
Subject: Re: McFadden v. City of Bakersfield: Case No. 1:23-cv-01421

**CAUTION - EXTERNAL:**

Ms. Hall,
I appreciate Mr. Marderosian producing this video to counsel, for the first time, as it is quite insightful, however, it has no relevance to this issue whereby defense counsel is seeking to limit Plaintiff's time to complete deposition testimony. Plaintiff will not be able to take 8 depositions in two days. In addition there is no statement as to why Ms. Cohen or County Counsel are unable to take these depositions. FRCP 30 (d)(1) allows for each deposition to be 7 hours. Plaintiff is not seeking to extend this time. Plaintiff is therefore entitled to 7 hours per defendant, per code, which is the rule not the exception.

Thank you,
Geralyn Skapik


On Mon, Jul 22, 2024 at 12:32 PM Mick Marderosian <mgm@mcc-legal.com> wrote:

> **Ms. Hall,**
>
> Since plaintiff's counsel wishes to proceed in an exparte fashion, I will respond as follows:
>
> 1. **As the court already knows, plaintiff's counsel waited until the eve of discovery cut off to request a stipulated extension. When we refused, deposition notices were issued, giving us 6 days notice, without clearing the dates. The deposition notices scheduled two officers a day for a total of FOUR days. I am the designated counsel on behalf of the city to attend these depositions and represent these deponents.**

1

2. **The court ruled that the parties had 60 days to complete the discovery that had already been issued, which makes the new cutoff date, Sept 16, 2024.**

3. **Immediately after the hearing, plaintiffs counsel ask for EIGHT separate deposition days, because they have now decided to take one deposition per day instead two a day as previously noticed.**

4. **On Sept 16, 2024 I am scheduled to commence the Dibbern vs. COB trial in your court which will last until Sept 27, 2024 and will commence preparation for that trial on Sept 4, 2024.**

5. **In addition to having to prepare for the Dibbern trial, I only have 4 available days to complete these 8 depositions that plaintiff's want to take and do not have any availability beyond that.**

6. **Lastly, the facts and circumstances giving rise to plaintiff's claims is simple and not complicated. I have attached a portion of the body cam video that is focused on plaintiff's detention and arrest. There is no reason why any experienced lawyer, could not complete all of these depositions in 2 days. Asking now for EIGHT days since your ruling is just being vindictive and is taking advantage of the court's ruling in extending the discovery cut-off date that had been firm for 7 months.**

7. **The fact that plaintiff's counsel did absolutely nothing in terms of discovery for at least 6 ½ months  and then 6 days before the cut-off, decided to take 8 depositions in FOUR days should not now be permitted by allowing plaintiff's counsel to consume 8 separate days, that puts a significant strain on my calendar at this time.**


Mick Marderosian, Esq.

mick@mcc-legal.com

www.mcc-legal.com



*Licensed to practice in California, Washington, and Washington D.C.

2

**Bakersfield Office:**
1430 Truxtun Avenue
Suite 720
Bakersfield, CA 93301
Tel: (661) 634-9787
Fax: (559) 441-8170

**Direct All Mail To:**
7797 N. First Street
Suite 101-5
Fresno, CA 93720
Tel: (559) 441-7991 Ext. 103
Cell: (559) 273-1136

*<u>Fresno address must be used for mailing all written correspondence to constitute proper service upon the firm.</u>*

CONFIDENTIALITY NOTICE: This e-mail is intended to be sent only to the recipient stated therein. This e-mail is confidential and also may be legally privileged or protected by the attorney-client privilege or work product doctrine, and also may be restricted from disclosure by applicable state and federal law. Any copying, disclosure, distribution, review or use of this e-mail by other than the intended recipient or that person's agent is strictly prohibited. If you have received this e-mail in error, please notify the sender, and immediately permanently delete or destroy this e-mail, and all copies thereof from any drives or storage media, and destroy any printouts of the e-mail.

**From:** Geralyn Skapik <gskapik@skapiklaw.com>
**Sent:** Monday, July 22, 2024 10:41 AM
**To:** Susan Hall <SHall@caed.uscourts.gov>
**Cc:** Heather Cohen <hcohen@mcc-legal.com>; Mick Marderosian <mgm@mcc-legal.com>; Kate Freitas <kate@mcc-legal.com>; Mark J. Skapik <mskapik@skapiklaw.com>; Eric Morris, Esq. <eric.c.morris@gmail.com>
**Subject:** Re: McFadden v. City of Bakersfield: Case No. 1:23-cv-01421

Dear Ms. Hall,

Please advise the Court that the issue is that Plaintiff wishes to schedule the depositions one per day.  When we originally scheduled the depositions, we scheduled two per day (8:00am and 1:00pm) as we were going to double track the depositions.  Mr. Morris was going to commence the first deposition at 8:00, if he finished before 1:00, he would take the second deposition, if not, Ms. Skapik or Mr. Skapik would commence the 1:00 deposition.  Plaintiff  properly noticed and served these depositions.  Plaintiff never limited the time for each deposition. The notice specifically states: *If, for any reason, the deposition is not completed on said date, the taking therefore will be continued from day-to-day including Sundays and holidays, until completed.*

Plaintiff's  current intent is to notice these depositions one per day.  Ms. Cohen refuses to allow the scheduling of the depositions, one per day.

 The courts order is:  **the parties may conduct only discovery noticed/served before the date of Plaintiff's application.**
These depositions were properly noticed and served and were never restricted on time.  Once
Plaintiff receives defendants discovery response, Plaintiff will commence depositions.  It should be noted Ms. Skapik granted Ms. Cohen an extension to respond to written discovery.  As the court mandated, we are limiting the depositions to what was properly noticed and served.

3

I believe the court can advise the parties on this issue without the need for a hearing.

Respectfully submitted,

Geralyn Skapik

On Mon, Jul 22, 2024 at 9:34 AM Susan Hall <SHall@caed.uscourts.gov> wrote:

Good Morning

The Court is not available this week (7/22/2024 – 7/26/2024. If you are unable to resolve the issue of scheduling depositions, I can look for a time during the following week (7/29/2024 – 8/2/2024) if you would like.

Otilia for Susan

From: Heather Cohen <hcohen@mcc-legal.com>
Sent: Friday, July 19, 2024 3:13 PM
To: Susan Hall <SHall@caed.uscourts.gov>
Cc: Mick Marderosian <mgm@mcc-legal.com>; Kate Freitas <kate@mcc-legal.com>; 'Geralyn Skapik' <gskapik@skapiklaw.com>; Mark J. Skapik <mskapik@skapiklaw.com>; Eric Morris, Esq. <eric.c.morris@gmail.com>
Subject: McFadden v. City of Bakersfield: Case No. 1:23-cv-01421

**CAUTION - EXTERNAL:**

Ms. Hall-

The Parties have run into a dispute regarding the scheduling of the depositions that Plaintiff is seeking to notice. Defendants are therefore requesting a conference with the Court next week on this matter.

4

Please advise as to when the Court might be available for a brief hearing.

Thank you.

Heather S. Cohen

Heather S. Cohen, Esq.

heather@mcc-legal.com

www.mcc-legal.com



\*Licensed to practice in California, Washington, and Arizona

Bakersfield Office:        Direct All Mail To:
1430 Truxtun Avenue        7797 N. First Street
Suite 720                  Suite 101-5
Bakersfield, CA 93301      Fresno, CA 93720
Tel: (661) 634-9787        Tel: (559) 441-7991 Ext. 104
Fax: (559) 441-8170        Cell:  (206) 390-0190

\*Fresno address must be used for mailing all written correspondence to constitute proper service upon the firm.

CONFIDENTIALITY NOTICE: This e-mail is intended to be sent only to the recipient stated therein. This e-mail is confidential and also may be legally privileged or protected by the attorney-client privilege or work product doctrine, and also may be restricted from disclosure by applicable state and federal law. Any copying, disclosure, distribution, review or use of this e-mail by other than the intended recipient or that person's agent is strictly prohibited. If you have received this e-mail in error, please notify the sender, and immediately permanently delete or destroy this e-mail, and all copies thereof from any drives or storage media, and destroy any printouts of the e-mail.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

--

Geralyn L. Skapik, Esq.

SKAPIK  LAW GROUP

5861 Pine Avenue, Suite A-1

Chino Hills, CA 91709

Tel: (909) 398-4404

Fax: (909) 398-1883


*********** PRIVILEGE AND CONFIDENTIALITY NOTICE*********** This e-mail is subject to the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. The information in this electronic mail is intended for the named recipients only. It may contain attorney work product, privileged and confidential matter. If you have received this electronic mail in error, please notify the sender immediately by replying to this e-mail or by collect call to (909) 398-4404. Do not disclose the contents to anyone. Thank you.


--

Geralyn L. Skapik, Esq.

SKAPIK  LAW GROUP

5861 Pine Avenue, Suite A-1

Chino Hills, CA 91709

Tel: (909) 398-4404

Fax: (909) 398-1883

\*\*\*\*\*\*\*\*\*\*\* PRIVILEGE AND CONFIDENTIALITY NOTICE\*\*\*\*\*\*\*\*\*\*\* This e-mail is subject to the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. The information in this electronic mail is intended for the named recipients only. It may contain attorney work product, privileged and confidential matter. If you have received this electronic mail in error, please notify the sender immediately by replying to this e-mail or by collect call to (909) 398-4404. Do not disclose the contents to anyone. Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.