UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY AARON MCFADDEN,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF BAKERSFIELD, *et al*.,<br><br>  Defendants. | Case No.  1:23-cv-01421-JLT-CDB<br><br>ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE PURSUANT TO FED. R. CIV. P. 26 AND 37<br><br>(Doc. 33) |

Plaintiff Jeffery Aaron McFadden ("Plaintiff") initiated this action with the filing of a complaint on September 29, 2023, against Defendants City of Bakersfield, T. Schleicher, Sims, Blankenship, Andrew Celedon, Doyle, Kniffen, and Skidmore ("Defendants").  (Doc. 1).  Plaintiff raises the following claims against Defendants: unreasonable seizure, excessive force, failure to intercede and *Monell* violations pursuant to 42 U.S.C. § 1983.  *Id*.

Pending before the Court is Defendants' motion to exclude from evidence certain of the opinions of Plaintiff's expert witness due to Plaintiff's alleged discovery violations, filed November 5,

2024.  (Doc. 33).  Plaintiff filed an opposition[1] and Defendants replied.  (Docs. 34-37).  The motion was submitted on the record without hearing and oral argument.  (Doc. 38) (citing Local Rule 230(g)).

**Background**

On July 19, 2024, the Court granted in part Plaintiff's opposed application to extend discovery deadlines.  The deadline to complete nonexpert discovery was continued to September 16, 2024; the deadline to complete expert discovery was continued to December 16, 2024.  (Doc. 27).  The existing deadline to file dispositive motions remained unchanged (January 20, 2025).  (Doc. 19).

On November 1, 2024, the parties convened with the undersigned for an informal discovery dispute conference during which Plaintiff declined to consent to informal resolution of the dispute involving the same expert discovery issue that is the subject of Defendants' instant motion. (Doc. 32). The undersigned admonished the parties to diligently pursue and complete expert discovery.

On November 5, 2024, Defendants filed the pending motion seeking an order pursuant to Rule 26 precluding Plaintiff's expert from relying on documents that were not disclosed in Plaintiff's Rule 26 disclosures or in any other response by Plaintiff to Defendants' discovery demands.  Defendants contend Plaintiff's lack of disclosure is "in violation of Federal Rule of Procedure 26 and this Court's Scheduling Order, thereby prejudicing the Defendants."  (Doc. 33 at 2).

Specifically, Defendants assert that Plaintiff's initial expert disclosures revealed that one of its expert witnesses – Benjamin Warren – relied upon not-previously disclosed materials in forming opinions that are the subject of his expert report.  (Doc. 33-1 at 4).  Those materials are: (1) Declaration of Audio Video Expert Arron S. Conaway with exhibits; (2) Stipulation for entry of final judgment and permanent injunction; (3) Bakersfield Police Department Internal Affairs Annual Status Report; (4) Bakersfield Monitor Annual Report Year One; and (5) Bakersfield Annual Report - Year 2 (the "Documents").  *Id.*  The day after receiving Plaintiff's expert witness disclosure, counsel for Defendants discovered the alleged deficiency and notified counsel for Plaintiff.  *Id.*  The next day (October 16, 2024), Plaintiff served a supplemental Rule 26 disclosure that identified and included the

---

[1] Plaintiff's opposition brief is not double-spaced, in violation of Local Rule 130.  Counsel for Plaintiff is admonished to refamiliarize themselves with the Local Rules of this Court and to conform all future filings to the requirements of those rules.

five subject documents (and newly identified other witnesses that are not the subject of Defendants' instant motion). Defendants argue they suffered "obvious" prejudice by the late disclosure and production because their expert did not have the benefit of the undisclosed materials in authoring his expert report. *Id.* at 6. Defendants assert the first notice they had that Plaintiff intended to rely upon undisclosed Documents in support of their *Monell* theory was when the documents were first identified in Mr. Warren's report. (Doc. 37 at 5). They further argue that disclosure of the theory and underlying documents after the close of nonexpert discovery deprived them of an opportunity to undertake nonexpert discovery directed toward the materials. *Id.* at 7-8.

Mr. Warren relies on the Documents to support some of his opinions. For instance, in Opinion Number 2, Mr. Warren opines that the Bakersfield Police Department ("BPD") "failed to properly train Crisis Intervention Techniques," and observes that "[t]he California DOJ concurs as stipulated in the Judgment." (Doc. 36, Declaration of Heather Cohen ["Cohen Decl."], Ex. A at 42 of 73). Mr. Warren also refers narratively to the stipulated judgment in connection with some of his opinions. For example, in Opinion Number 7, Mr. Warren opines that Defendants did not use "objectively reasonable force" in obtaining custody of Plaintiff, and observes that under the stipulated judgment, "BPD was mandated … to address widespread community concerns regarding excessive force," and that the directive "was in part a response to multiple canine use of force incidents and instances of excessive force deemed unreasonable" under prevailing standards. (Cohen Decl., Ex. A at 63 of 73).

**Governing Legal Standard**

Court orders and rules governing discovery "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Only strong public policies weigh against disclosure." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (internal citation omitted). As a foundational component of civil discovery, Federal Rule of Civil Procedure 26 provides in relevant part that "a party must, without awaiting a discovery request, provide to the other parties: … (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(ii).

1    Separately, pursuant to Rule 26(e)(1)(A), "a party who has made a disclosure under Rule
2 26(a) – or who has responded to an interrogatory, request for production, or request for
3 admission – must supplement or correct its disclosure or response in a timely manner if the party
4 learns that in some material respect the disclosure or response is incomplete or incorrect...." Fed. R.
5 Civ. P. 26(e)(1)(A).

6    Under Rule 37(c), a party that "fails to provide information or identify a witness as required by
7 Rule 26(a) or (e)" may not "use that information or witness to supply evidence ... at a trial, unless the
8 failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See Yeti by Molly, Ltd. v.*
9 *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these
10 requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a)
11 that is not properly disclosed."). "The Advisory Committee Notes describe it as a 'self-executing,'
12 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material....'" *Id*. (quoting
13 Fed. R. Civ. P. 37 advisory committee's note (1993)). "Among the factors that may properly guide a
14 district court in determining whether a violation of a discovery deadline is justified or harmless are: (1)
15 prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to
16 cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved
17 in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713
18 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). "The party facing
19 sanctions bears the burden of proving that its failure to disclose the required information was
20 substantially justified or harmless." *R & R Sails, Inc. v. Ins. Co. of Pa*., 673 F.3d 1240, 1246 (9th Cir.
21 2012).

22    The sanction of evidence exclusion is not mandatory under Rule 37(c)(1). *See Bonzani v.*
23 *Shinseki*, No. 2:11-CV-0007-EFB, 2014 WL 66529, at *3 (E.D. Cal. Jan. 8, 2014) (finding Rule
24 37(c)(1) exclusion sanctions are not mandatory, even when the insufficient disclosures are not
25 substantially justified or harmless). A court's decision to exclude evidence is discretionary and the
26 court is given "particularly wide latitude ... to issue sanctions under Rule 37(c)(1)." *Id*.
27 ///
28 ///

**Discussion**

### 1. Plaintiff Violated Rules 26(a) & (e)

Plaintiff's disclosure of the Documents for the first time in his expert witness disclosure is not consistent with the requirement that a party supplement incomplete or incorrect disclosures made under Rule 26(a) "in a timely manner." Plaintiff unquestionably possessed the Documents and was aware he intended for his expert witness to render opinions that rely in part on the Documents during nonexpert discovery. Thus, on August 22, 2024, Plaintiff deposed Defendant Schleicher, presented one of the Documents to him (the stipulated judgment), and asked him questions about the stipulated judgment over counsel for Defendants' objections. (Doc. 34-1, Declaration of Eric Morris "[Morris Decl."], Ex. F.). Although he now characterizes the Documents as being critical to the success of his *Monell* claim (*see* Doc. 34 at 10), he did not identify the documents in his initial disclosures pursuant to Rule 26(a) (*see* Cohen Decl., Ex. 1) nor in any supplement to initial disclosures pursuant to Rule 26(e) and did not produce the Documents until *after* making his expert witness disclosure. Further, Plaintiff did not identify the facts of the stipulated judgment or the internal affairs and annual monitor reports covered by the Documents in response to Defendants' interrogatory requiring disclosure of all facts Plaintiff intends to rely upon in support of his *Monell* claim (see Cohen Decl., Ex. 2) nor in any supplemental interrogatory responses pursuant to Ruel 26(e).[2]

In response to Defendants' argument that Plaintiff's conduct summarized above violates Rule 26, Plaintiff offers a variety of excuses. First, he argues that counsel for Defendants already possessed four of the five Documents in connection with their representation of Defendant BPD in an unrelated action (Doc. 34 at 3, citing Morris Decl., Ex. I). Second, he argues Defendants have "unclean hands" because they failed to produce the Documents in response to Plaintiff's discovery demands that he claims required Defendants to produce the Documents. (Doc. 34 at, citing Morris Decl., Ex. A, Request for Production ("RFP") Nos. 9 and 19). Third, he argues he satisfied any Rule 26(e)

---

[2] Although Defendants argue that their interrogatory directed toward Plaintiff's *Monell* claim "specifically sought all documents that supported such claim" (Doc. 33 at 3), the interrogatory only directs Plaintiff to disclose the facts supporting the claim. *See* (Cohen Decl., Ex. 2, Interrogatory No. 1).

5

supplemental disclosure duty because four of the Documents were identified in Mr. Warren's expert witness disclosure well before the deadline to serve rebuttal reports and the Documents were the subject of examination during the deposition of Defendant Schleicher (*see* Morris Decl., Ex. F).[3]

None of Plaintiff's counterarguments or cases cited in his opposition brief establish under the circumstances relevant here an exception to a party's obligation under Rules 26(a) & (e) to timely supplement incomplete initial disclosures and discovery responses.  First, Plaintiff is wrong in arguing that the mere availability of documents to a requesting party – either because counsel for the party received the documents in unrelated litigation or because the documents are publicly available – relieves the producing party of its disclosure obligations.  *See* (Doc. 34 at 5) (citing *Macias v. Perez*, No. 10cv976-MMA (BGS), 2011 WL 2669475, at *4 (S.D. Cal. July 7, 2011) (defendant's challenge was to sufficiency of statement of disclosed expert's opinions/reasons under Rule 26(a)(2)(B), not to plaintiff's failure to make initial or supplemental disclosure/production of documents).  *Cf., Martino v. Kiewit New Mexico Corp.*, 600 Fed. Appx. 908, 911 (5th Cir. 2015) ("even if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses."); *Little v. City of Anniston*, No. 1:15-CV-954-VEH, 2016 WL 7407093, at *3-4 (N.D. Ala. Dec. 22, 2016) ("The Plaintiff cites no authority, and this Court has found none, for the proposition that a party is justified in failing to produce or identify a document in Rule 26(a) [disclosures] merely because that document was already in the possession of an opposing party.").  Likewise, the questioning of a single deponent about a single unproduced document (here, the stipulated judgment) does not excuse the questioning party from producing that document or related documents (here, the related internal affairs and monitor reports) to the extent production is required under Rules 26(a) & (e).

In sum, the Court concludes that Plaintiff violated Rules 26(a) & (e) by withholding materials (the Documents) in his possession that he intends to use in support of his claims (Fed. R. Civ. P.

---

[3] Although Plaintiff separately argues that an expert witness may rely in forming his opinions on documents that properly are the subject of judicial notice (Doc. 34 at 11), even if that proposition is correct, Plaintiff cites no authority holding that this either excuses disclosure under Rule 26(a) or substantially justifies his nondisclosure of the Documents or otherwise ameliorates any harm Defendants suffered by the nondisclosure.

26(a)(1)(A)(ii)) and did not supplement his incomplete initial disclosures and responses to Defendants' interrogatories in a timely manner (Fed. R. Civ. P. 26(e)(1)(A)).

**2. The Rule 26 Violation Does Not Warrant Evidence Preclusion**

Plaintiff does not argue that his belated disclosure of materials relied upon by Mr. Warren was substantially justified. To the extent Plaintiff intended to rely upon the same arguments he raises as to why the nondisclosure does not violate Rule 26(a) as grounds for finding the nondisclosure substantially justified, for the reasons set forth above, the Court finds Plaintiff fails to carry his burden of demonstrating substantial justification.

Instead, Plaintiff argues that any noncompliance by him under Rules 26(a) & (e) does not warrant preclusion of Mr. Warren's opinions relating to the Documents because the noncompliance was harmless. First, he points out that Defendants received Mr. Warren's expert report identifying the Documents on October 14, 2024, and, thus, had approximately one month within which to prepare a rebuttal expert report addressing the Documents (*e.g*., by November 12, 2024) and sufficient time to prepare for and examine Mr. Warren about the Documents during his deposition thereafter. (Doc. 34 at 6-7). Second, he argues that Defendants fail to demonstrate any harm caused by the belated notice and production of the Documents. Third, he argues that Defendants (after learning about and challenging the relevance and nondisclosure of the Documents during the deposition Defendant Schleicher) should have but declined to file a motion to compel production of the Documents. (Doc. 34 at 7-8) (citing *inter alia Harvey v. District of Columbia*, 949 F. Supp. 874, 877 (D.D.C. 1996); *Casida v. Sears Holdings Corp*., No. 1:11-cv-01052 AWI JLT, 2012 WL 3260423, at *3-4 (E.D. Cal. Aug. 8, 2012); *Holt v. Wesley Med. Ctr., LLC*, No. 00-1318-JTM, 2006 WL 5556006, at *4-5 (D. Kan. Jan. 25, 2006)).

Though none of Plaintiff's proffered arguments individually renders his Rule 26 violation harmless, the undersigned is persuaded that a number of factors considered collectively sufficiently ameliorate any resulting prejudice to Defendants. First, notwithstanding Defendants generally had notice of Plaintiff's intent to use and rely upon the improperly withheld Documents on August 22, 2024, when one of the Documents was the subject of examination during a defense deposition, and notwithstanding that counsel for Defendants objected to the examination on the grounds of Plaintiff's

nondisclosure of the Documents pursuant to Rule 26 (*see* Morris Decl., Ex. F, at 21-25, 60-61), Defendants did not move to compel Plaintiff to produce the Documents. Defendants decision to forego timely seeking the Court's assistance through a motion to compel after suggesting Plaintiff's nondisclosure of the stipulated judgment violated Rule 26 undermines their arguments concerning harm and prejudice. *See, e.g., Casida*, 2012 WL 3260423, at *4 ("Defendants should have taken adequate steps to protect their rights by seeking the Court's assistance and intervention and their failure to do so now precludes them from excluding Ms. Gonzalez'[s] declaration.").[4]

Second, prejudice was minimized because immediately after counsel for Defendants confronted Plaintiff's counsel about the nondisclosure, Defendants received the Documents with sufficient time to prepare a rebuttal expert report and to depose Mr. Warren concerning his opinions related to the Documents. Thus, this case is unlike cases cited by Defendants finding evidence preclusion warranted, such as *Greenwalt* (Doc. 33-1 at 5), where the plaintiff disclosed a supplemental expert report some four months after expert discovery had closed and "just weeks before trial." 2006 WL 1688088, at *4-5 (D. Az. June 10, 2006). *Cf. Krause v. Hawaiian Airlines, Inc*., No. 2:18-cv-00928 JAM AC, 2019 WL 13225251, at *5-6 (E.D. Cal. June 7, 2019) (opting "not to impose exclusionary sanctions in an effort to deter what could be perceived as an attempt to scuttle plaintiff's case on procedural grounds when ample time remained to cure the nondisclosure."); *Forouzan v. BMW of N. Am., LLC*, No. CV 17-3875-DMG (GJSx), 2018 WL 6016277, at *9 & n.6 (C.D. Cal. June 27, 2018) (declining to preclude expert from testifying based on Rule 26 nondisclosure allegations where previously undisclosed materials were provided to counsel prior to expert's deposition); *In re Term Commodities Cotton Futures Litig*., No. 12 CV 5126 (ALC) (KNF), 2018 WL 2021641, at *5 (S.D.N.Y. Mar. 23, 2018) (same)

Third, while the undersigned acknowledges Defendants were disadvantaged by Plaintiff's Rule 26 violation, Defendants' characterization of the resulting surprise and prejudice seems exaggerated. Though Defendants' argument that their receipt of Plaintiff's expert report was the first time they were

---

[4] For the same reason, Plaintiff's suggestion that Defendants engaged in "chicanery" by not producing the Documents in response to his discovery demands (Doc. 34 at 2-3, 10) – an objection he raised during Defendant Schleicher's deposition (Morris Decl., Ex. F at 60-61) – is meritless as he, too, declined to move the Court to compel Defendants to produce the documents.

1  "put on notice" that Plaintiff intended to rely on the Documents in support of his *Monell* theory may
2  be accurate (Doc. 37 at 5), Defendants had at least some familiarity with the theory.  Plaintiff refers to
3  the independent monitor in the allegations of his *Monell* claim (Complaint ¶ 181) and the stipulated
4  judgment was presented at and the subject of examination during the deposition of Defendant
5  Schleicher more than two months prior to the close of nonexpert discovery.  (Morris Decl., Ex. F).
6  *See Exeltis USA Inc. v. First Databank, Inc*., No. 17-cv-04810-HSG, 2020 WL 7025089, at *3 (N.D.
7  Cal. Nov. 20, 2020) (finding nondisclosure harmless; "Defendant was made aware of the existence of
8  [the undisclosed] documents during [the expert's] deposition on June 5, 2019.  It had the opportunity
9  to question Dr. Gorospe about them at that time and to request or seek identification of any such
10 documents before the close of expert discovery"); *Van Maanen v. Youth With a Mission-Bishop*, 852
11 F. Supp.2d 1232, 1237 (E.D. Cal. 2012) ("although Dr. Bloomer was not identified in University's
12 Rule 26(a) disclosures, his identity, position, location, and the subject of the information he possessed
13 were made known to Plaintiff through the Fairley and Cunningham Depositions"); *U.S. Axminster,*
14 *Inc. v. Chamberlain*, 176 F.R.D. 532, 534 (N.D. Miss. 1997) (finding plaintiff's failure to disclose
15 document harmless where existence of document was made known during deposition; "[s]ince the
16 Defendant already knew about the agreement, the Plaintiff's tardy disclosure of the agreement itself
17 did not prejudice the Defendant during discovery").  Defense counsel's assertion that they had not
18 seen the annual reports of the monitor and internal affairs investigative report (Doc. 37 at 6) does not
19 refute Plaintiff's showing that counsel represented BPD in the underlying action resulting in the
20 stipulated judgment and that service of four of the documents was made upon BPD (through counsel).
21        Coupled with counsel for Defendants' long-time representation of the City of Bakersfield and
22 BPD in civil rights actions involving claims of excessive force, the prejudice from any surprise that
23 Plaintiff would base his *Monell* claim in part on recent and well publicized litigation involving related
24 allegations of BPD's practices largely is ameliorated.  The Court acknowledges Defendants' argument
25 that Plaintiff's late disclosure deprived them of the ability to undertake nonexpert discovery relating to
26 the Documents, including by identifying witnesses knowledgeable about the Documents (Doc. 37 at 7-
27 8).  However, that summary claim to prejudice without any details concerning what specifically
28 Defendants would have done had Plaintiff timely disclosed the Documents is not a sufficient basis to

exclude Mr. Warren's opinions. *See Razaghi v. Razaghi*, No. 2:18-cv-01622-EJY, 2024 WL 4502888, at *5 (D. Nev. Oct. 15, 2024) ("Defendants say had the disclosures been timely made, they would have 'had the opportunity to change their discovery (pre-trial and trial) strategies ....' … Defendants offer no specific argument regarding what would have changed. The Court finds the general assertions of harm relating to discovery are so broad and without support that a finding of prejudice is not warranted.")

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Defendants' motion (Doc. 33) is denied.

IT IS SO ORDERED.

Dated:   **January 6, 2025**

_____
UNITED STATES MAGISTRATE JUDGE